## 52762. HERRINGTON v. LIBERTY MUTUAL INSURANCE COMPANY et al.

Deen, Presiding Judge.

This is an appeal from the denial of further compensation on a workmen's compensation change of condition hearing. The employee developed sore throat, earache and sinus problems diagnosed as allergic rhinosinusitis, with accompanying infection. The cause was traced to chemical fumes emanating from the area where she worked. She received by agreement temporary disability payments ending in 1972. After evidence linking the respiratory trouble to the chemicals she was moved to the cafeteria and worked there for four years without incident, after which she was "laid off" due to an economic slowdown and abandonment of one work shift. The claimant contends that because of her seniority she would have been retained and reassigned to plant work except for the allergy, that she is unable to obtain other work, and therefore has suffered a permanent partial disability for which she should be compensated.

The claimant's physician testified that the disability "is dependent upon her being exposed to substances which are irritating or allergenic to her, and this is one peculiar thing about allergic problems related to industry, and not only industry but business too, when a person is allergic to something, if you remove that particular item or items from them, they can function in their job with no trouble." He also testified that a part of the allergic reaction was seasonal and not work-related, and that the propensity toward allergic reactions to various substances in the environment was genetic.

Denial of the claim for further compensation was proper. The symptoms accompanying the allergic reaction have been corrected. The fact that if the claimant were replaced in her former job they would reappear does not itself amount to injury by accident. The handicap is one to which the claimant was potentially subject through her physical makeup. In the same manner, a watch repairman who must necessarily depend on good eyesight could not claim compensation if forced to leave due to the formation of cataracts not resulting from a work-related

injury, so the propensity to another allergic attack if the employee resumes her old job does not ipso facto entitle her to compensation.

The superior court did not err in affirming the denial of further compensation.

*Judgment affirmed. Webb and Smith, JJ., concur.*

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 22, 1976 — REHEARING DENIED NOVEMBER 4, 1976 —

*Phillip N. Lavender,* for appellant.

*Swift, Currie, McGee & Hiers, John F. Sacha,* for appellees.